IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANDRA WORLDWIDE, INC. D/B/A SOUTHWIND HOTEL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| SCOTTSDALE INSURANCE COMPANY | § § § § | |
| Defendant. | § | (JURY TRIAL) |

## DEFENDANT SCOTTSDALE INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, SCOTTSDALE INSURANCE COMPANY ("Scottsdale") files its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy, and respectfully show the following.

### I.
### FACTUAL BACKGROUND

1. On October 19, 2015, Plaintiff Chandra Worldwide, Inc. d/b/a Southwind Hotel ("Plaintiff") filed their lawsuit in Harris County, Texas, naming Scottsdale as defendant.

2. Plaintiff served Scottsdale with a copy of the Petition on or about November 16, 2015.

3. Defendant Scottsdale files this notice of removal within 30 days of receiving Plaintiffs' Original Petition. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a). All such documents are fully

incorporated herein by reference and as if fully set forth herein. Attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Harris County District Clerk's file for this case is attached as Exhibit "B" and includes Copy of the Docket Sheet, Letter to Clerk dated October 19, 2015, Civil Case Information Sheet, Plaintiff's Original Petition, Letter to Clerk dated October 23, 2015, Citation Corporate, and Defendant Scottsdale Insurance Company's Answer to Plaintiff's Original Petition. The List of Parties and Counsel is attached as Exhibit "C".

5. A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

6. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending.

## II.
## BASIS FOR REMOVAL

7. Removal is proper because there is complete diversity between the parties. 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

8. Plaintiff is, and was at the time the lawsuit was filed, a citizen of Texas and owns the property in question which is located in Harris County, Texas.

9. Defendant is, and was at the time the lawsuit was filed, a citizen of Arizona.

10. Additionally, the amount in controversy exceeds $75,000, excluding interests and costs. U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).

11. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *See Ray v. State Farm Lloyds*, No. CIV.A.3:98-

CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

12.     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendant is liable under a commercial property insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiff's claim. Specifically, but without limitation, Plaintiff alleges that Defendant breached the insurance policy number CPS-2162620 for the Loss Location at 5617 N. Freeway, Houston, Texas 77076, the property giving rise to the present dispute. *See* Exhibit B.

13.     In addition, Plaintiffs' Original Petition alleges that Defendant is liable under various causes of action for actual damages, statutory penalties, treble damages, punitive and exemplary damages, and attorney's fees, and alleges entitlement to no more than $1,000,000.00. *See* Exhibit B. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

14. Scottsdale first obtained notice of this lawsuit on November 16, 2015, when it was served with Plaintiff's Original Petition. Thus, Scottsdale is filing this Notice within the 30 day time period required by 28 U.S.C. § 1446(b).

15. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

16. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

17. Promptly after Scottsdale files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

18. Promptly after Scottsdale files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

## IV.
## CONCLUSION

Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Scottsdale hereby removes this case to this Court for trial and determination.

          Respectfully submitted,

          **THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By:   */s/ George H. Arnold*
      George H. Arnold, Attorney In Charge
      Southern District Bar No. 15948
      State Bar No. 00783559
      One Riverway, Suite 1400
      Houston, Texas 77056
      Telephone: (713) 403-8210
      Facsimile: (713) 403-8299
      E-mail: garnold@thompsoncoe.com

      Jennifer M. Kearns
      State Bar No. 24049865
      Southern District Bar No. 1127140
      701 Brazos, Suite 1500
      Austin, Texas 78701
      Telephone: (512) 708-8200
      Facsimile: (512) 708-8777
      E-mail: jkearns@thompsoncoe.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 16th day of December, 2015, a true and correct copy of the foregoing pleading was forwarded by certified mail, return receipt requested, to the following counsel:

Bill L. Voss
Scott G. Hunziker
Zach Moseley
The Voss Law Firm, P.C.
26619 Interstate 45
The Woodlands, Texas 77380

          */s/ George H. Arnold*
          George H. Arnold

## VERIFICATION

STATE OF TEXAS §
COUNTY OF ~~TRAVIS~~ HARRIS §
§

BEFORE ME, the undersigned notary public, on this day personally appeared GEORGE H. ARNOLD, who, being by me duly sworn, on his oath deposed and said that he has read the foregoing Notice of Removal and that the statements contained therein are within his knowledge and true and correct.

_____
GEORGE H. ARNOLD

SUBSCRIBED AND SWORN TO BEFORE ME by George H. Arnold on this, the 16th day of December, 2015, to certify which witness my hand and official seal.


JENNY MARIE TREVINO
Notary Public, State of Texas
My Commission Expires 07-20-2017

_____
NOTARY PUBLIC, State of Texas

2329815v1
04805.132