**HCDistrictclerk.com**   CHANDRA WORLDWIDE INC (DBA SOUTHWIND   12/10/2015
HOTEL) vs. SCOTTSDALE INSURANCE COMPANY
Cause: 201562181     CDI: 7     Court: 152

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 68111054 | Defendant Scottsdale Insurance Company's answer to plaintiff's original petition | | 12/04/2015 | 4 |
| 67963474 | Citation corporate | | 11/20/2015 | 1 |
| 67585905 | letter to mail | | 10/23/2015 | 1 |
| 67505107 | Plaintiff's Original Petition | | 10/19/2015 | 20 |
| -> 67505108 | Civil Case Information Sheet | | 10/19/2015 | 2 |
| -> 67505109 | Letter to Clerk | | 10/19/2015 | 1 |



EXHIBIT
B

10/19/2015 1:42:44 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 7433975
By: CUERO, NELSON
Filed: 10/19/2015 1:42:44 PM

2015-62184 / Court: 152

# THE VOSS ★ LAW FIRM

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
THE VOSS LAW CENTER
26619 INTERSTATE 45
THE WOODLANDS, TEXAS 77380
TOLL FREE (866) 203-5411
FACSIMILE (713) 861-0021
www.VossLawFirm.com

October 19, 2015

***Via ProDoc E-file***

Harris County District Clerk

> ***RE:    Cause No.: _____; Chandra Worldwide, Inc. dba Southward Hotel v. Scottsdale Insurance Company; In the District Court of Harris County, Texas; _____ Judicial District***

Dear Clerk:

The Voss Law Firm has requested, via ProDoc e-filing, that a Citation be issued and served to:

Scottsdale Insurance Company

211 East 7th Street, Suite 620

Austin, Texas 78701

Please call me if you need additional information.

Very respectfully,

/s/ Ambar L. Balderas

Paralegal

# CIVIL CASE INFORMATION SHEET

10/19/2015 1:42:44 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 7433975
By: CUERO, NELSON
Filed: 10/19/2015 1:42:44 PM

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED: CHANDRA WORLDWIDE, INC. DBA SOUTHWIND HOTEL V. SCOTTSDALE
INSURANCE COMPANY

2015-62181 / Court: 152

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Zach Moseley | Email:<br><br>zach@vosslawfirm.com | Plaintiff(s)/Petitioner(s): Chandra Worldwide, Inc. dba Southwind Hotel | Attorney for Plaintiff/Petitioner<br>*Pro Se* Plaintiff/Petitioner<br>Title IV-D Agency<br>Other: _____ |
| Address:<br><br>26619 Interstate 45 | Telephone:<br><br>(713) 861-0015 | Defendant(s)/Respondent(s): Scottsdale Insurance Company | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| City/State/Zip:<br><br>The Woodlands, TX 77380 | Fax:<br><br>(713) 861-0021 | *[Attach additional page as necessary to list all parties]* | Non-Custodial Parent: |
| Signature: | State Bar No:<br><br>24092863 | | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | |
| *Debt/Contract*<br>　XXX Consumer/DTPA<br>　Debt/Contract<br>　Fraud/Misrepresentation<br>　Other Debt/Contract:<br>　Breach of Contract<br>*Foreclosure*<br>　Home Equity—Expedited<br>　Other Foreclosure<br>Franchise<br>Insurance<br>Landlord/Tenant<br>Non-Competition<br>Partnership<br>Other Contract: | Assault/Battery<br>Construction<br>Defamation<br>*Malpractice*<br>　Accounting<br>　Legal<br>　Medical<br>　Other Professional<br>　Liability:<br><br>Motor Vehicle Accident<br>Premises<br>*Product Liability*<br>　Asbestos/Silica<br>　Other Product Liability<br>　List Product:<br><br>Other Injury or Damage: | Eminent Domain/<br>　Condemnation<br>Partition<br>Quiet Title<br>Trespass to Try Title<br>Other Property: | Annulment<br>Declare Marriage Void<br>*Divorce*<br>　With Children<br>　No Children | Enforcement<br>Modification—Custody<br>Modification—Other<br>**Title IV-D**<br>Enforcement/Modification<br>Paternity<br>Reciprocals (UIFSA)<br>Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | Expunction<br>Judgment Nisi<br>Non-Disclosure<br>Seizure/Forfeiture<br>Writ of Habeas Corpus—<br>　Pre-indictment<br>Other: | Enforce Foreign<br>　Judgment<br>Habeas Corpus<br>Name Change<br>Protective Order<br>Removal of Disabilities<br>　of Minority<br>Other: | Adoption/Adoption with<br>　Termination<br>Child Protection<br>Child Support<br>Custody or Visitation<br>Gestational Parenting<br>Grandparent Access<br>Parentage/Paternity<br>Termination of Parental<br>　Rights<br>Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| Discrimination<br>Retaliation<br>Termination<br>Workers' Compensation<br>Other Employment: | Administrative Appeal<br>Antitrust/Unfair<br>　Competition<br>Code Violations<br>Foreign Judgment<br>Intellectual Property | Lawyer Discipline<br>Perpetuate Testimony<br>Securities/Stock<br>Tortious Interference<br>Other: | | |
| **Tax** | | *Probate & Mental Health* | | |
| Tax Appraisal<br>Tax Delinquency<br>Other Tax | *Probate/Wills/Intestate Administration*<br>　Dependent Administration<br>　Independent Administration<br>　Other Estate Proceedings | Guardianship—Adult<br>Guardianship—Minor<br>Mental Health<br>Other: | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| Appeal from Municipal or Justice Court<br>Arbitration-related<br>Attachment<br>Bill of Review<br>Certiorari<br>Class Action | Declaratory Judgment<br>Garnishment<br>Interpleader<br>License<br>Mandamus<br>Post-judgment | Prejudgment Remedy<br>Protective Order<br>Receiver<br>Sequestration<br>Temporary Restraining Order/Injunction<br>Turnover |

**4. Indicate damages sought** (do not select if it is a family law case):

XXX Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees Less than $100,000 and non-monetary relief
Over $100, 000 but not more than $200,000
Over $200,000 but not more than $1,000,000

Certified Document Number: 67505108 - Page 1 of 2

10/19/2015 1:42:44 PM
Chris Daniel - District Clerk Harris County
Envelope No. 7433975
By: Nelson Cuero
Filed: 10/19/2015 1:42:44 PM

# 2015-62181 / Court: 152

CAUSE NO. _____

| | | |
|---|---|---|
| **CHANDRA WORLDWIDE,** | § | |
| **INC. DBA SOUTHWIND HOTEL,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **SCOTTSDALE INSURANCE** | § | |
| **COMPANY,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Chandra Worldwide, Inc. dba Southwind Hotel (hereinafter "Plaintiff"), and complains of Scottsdale Insurance Company (hereinafter "Scottsdale"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1. Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2. This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Houston, in Harris County, Texas.

Certified Document Number: 67505107 - Page 1 of 20

## PARTIES

3.      Plaintiff is an individual whose residence is located in Houston, Harris County, Texas.

4.      Defendant Scottsdale is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 5617 N. Frwy, Houston, TX 77076, (the "Property").    In addition to seeking economic and penalty based damages from Scottsdale, Plaintiff also seeks compensation from Scottsdale for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a commercial insurance policy from Scottsdale to cover the Property at issue in this case for a loss due to storm-related events.    Plaintiff's Property suffered storm-related damage. Through its commercial policy, CPS-2162620, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around May 25, 2015, the Property suffered incredible damage due to storm related conditions.

Certified Document Number: 67505107 - Page 2 of 20

9.     In the aftermath, Plaintiff relied on Scottsdale to help begin the rebuilding process.  By and through its commercial policy, Plaintiff was objectively insured for the subject losses in this matter.

10.    Pursuant to its obligation as a policyholder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion.  Moreover, its commercial policy covered Plaintiff during the time period in question.

11.    Despite Plaintiff's efforts, Scottsdale continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.    Moreover, Scottsdale has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.    In the months following, Plaintiff provided information to Scottsdale, as well as provided opportunities for Scottsdale to inspect the Property.   However, Scottsdale failed to conduct a fair investigation into the damage to the Property.   Moreover, Scottsdale failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.    Despite Scottsdale's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Scottsdale.   Further, Plaintiff made inquiries regarding the status of the losses, and payments.   Regardless, Scottsdale failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.  As a result, to this

Certified Document Number: 67505107 - Page 3 of 20

date, Plaintiff has not received proper payment for its claim, even though notification was provided.

16.    Scottsdale has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.  Scottsdale has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Scottsdale did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.    Scottsdale has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Scottsdale in a timely manner.

17.    Scottsdale has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Scottsdale that failed to conduct a reasonable investigation.   Ultimately, Scottsdale performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.    Scottsdale has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.    As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Scottsdale.  Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

Certified Document Number: 67505107 - Page 4 of 20

20.   In addition, Scottsdale has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.  As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.   All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.   All acts by Scottsdale were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Scottsdale and/or were completed in its normal and routine course and scope of employment with Scottsdale.

## CLAIMS AGAINST DEFENDANT

23.   Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

**A.**
## NEGLIGENCE

24.   Scottsdale had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property.    Scottsdale breached this duty in a number of ways, including but not limited to the following:

      a.      Scottsdale was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

      b.      Scottsdale had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

Certified Document Number: 67505107 - Page 5 of 20

c.   Scottsdale failed to properly complete all adjusting activities associated with Plaintiff.

25.   Scottsdale's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

**B.**
**BREACH OF CONTRACT**

26.   Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27.   According to the policy that Plaintiff purchased, Scottsdale had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.   As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.   Despite objective evidence of such damages, Scottsdale has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

**C.**
**VIOLATIONS OF TEXAS DECEPTIVE TRADE**
**PRACTICES ACT AND TIE-IN-STATUTES**

30.   Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.   Scottsdale's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business

Certified Document Number: 67505107 - Page 6 of 20

& Commerce Code. Scottsdale collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    b.    Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

    c.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

    d.    Using or employing an act or practice in violation of the Texas Insurance Code;

    e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

    f.    Failure to properly investigate Plaintiff's claim; and/or

    g.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Scottsdale in low-balling and/or denying Plaintiff's damage claim.

32.    As described in this Original Petition, Scottsdale represented to Plaintiff that its insurance policy and Scottsdale's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

33.    As described in this Original Petition, Scottsdale represented to Plaintiff that its insurance policy and Scottsdale's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

Certified Document Number: 67505107 - Page 7 of 20

34.     By representing that Scottsdale would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Scottsdale has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.     Scottsdale has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.   This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Scottsdale's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Scottsdale's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Scottsdale's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Scottsdale to its detriment.  As a direct and proximate result of Scottsdale's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Scottsdale are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because Scottsdale's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times

Certified Document Number: 67505107 - Page 8 of 20

such actual damages, for Scottsdale having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Scottsdale having intentionally committed such conduct.

40.     As a result of Scottsdale's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.   Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

**D.**
**VIOLATIONS OF TEXAS INSURANCE CODE**

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     Scottsdale's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).  Specifically, Scottsdale engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

    a.     Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    b.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the

Certified Document Number: 67505107 - Page 9 of 20

Certified Document Number: 6750510 7 - Page 10 of 20

insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.     Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.     Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.     Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.     Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Scottsdale, and Plaintiff relied upon these unfair or deceptive acts or practices by Scottsdale to its detriment.  Accordingly, Scottsdale became the insurer of Plaintiff.

44.     As a direct and proximate result of Scottsdale's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which it now sues.

45.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Scottsdale's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Scottsdale having knowingly committed such conduct.  Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Scottsdale having intentionally committed such conduct.

46.     As a result of Scottsdale's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.   Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

**E.**
**BREACH OF THE COMMON-LAW DUTY**
**OF GOOD FAITH AND FAIR DEALING**

47.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.     By its acts, omissions, failures and conduct, Scottsdale has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.     Scottsdale has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Scottsdale knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Scottsdale is a proximate cause of Plaintiff's damages.

Certified Document Number: 67505107 - Page 11 of 20

## F.
## BREACH OF FIDUCIARY DUTY

50.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.     Scottsdale had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff.  As a result, Scottsdale owed a duty of good faith and fair dealing to Plaintiff.  Scottsdale breached that fiduciary in that:

      a.     The transaction was not fair and equitable to Plaintiff;

      b.     Scottsdale did not make reasonable use of the confidence that Plaintiff placed upon it;

      c.     Scottsdale did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

      d.     Scottsdale did not place the interests of Plaintiff before its own, and Scottsdale used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

      e.     Scottsdale placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

      f.     Scottsdale did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.     Scottsdale is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Scottsdale's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

Certified Document Number: 67505107 - Page 12 of 20

54.     Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Scottsdale has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.     Such violations include, without limitation, all the conduct described in this Original Petition, plus Scottsdale's failure to properly investigate Plaintiff's claim.  Plaintiff also includes Scottsdale's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Scottsdale's failure to pay for the proper repair of Plaintiff's Property, as to which Scottsdale's liability had become reasonably clear.

56.     Additional violations include Scottsdale's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims.   Plaintiff further includes Scottsdale's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Scottsdale's misrepresentations of coverage under the subject insurance policy. Specifically, Scottsdale is also guilty of the following unfair insurance practices:

      a.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

      b.     Engaging in unfair claims settlement practices;

      c.     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

      d.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Scottsdale's liability had become reasonably clear;

      e.     Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

Certified Document Number: 6750510 - Page 13 of 20

Certified Document Number: 6705107 - Page 14 of 20

      f.      Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

      g.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.     Scottsdale has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Scottsdale's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.     Scottsdale is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Scottsdale did not inform Plaintiff of certain exclusions in the policy.  Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to its detriment.  As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.  Scottsdale is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiff would show that Scottsdale perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who

relied upon such representations that ultimately resulted in its injuries and damages. Alternatively, Scottsdale fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff,  Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiff's reliance on Scottsdale fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

64.     Plaintiff further alleges that because Scottsdale knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Scottsdale, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiff will show that it has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiff requests that penalty damages be awarded against Scottsdale in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

Certified Document Number: 6750S107 - Page 15 of 20

68.     Scottsdale has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

69.     Scottsdale's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically, Plaintiff seeks monetary relief of no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## ADDITIONAL DAMAGES & PENALTIES

71.     Scottsdale's conduct was committed knowingly and intentionally.  Accordingly, Scottsdale is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

73.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

Certified Document Number: 6750107 - Page 16 of 20

## REQUEST FOR DISCLOSURE

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Scottsdale disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

a.     Please produce Scottsdale complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

b.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

c.     Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

d.     Please produce the electronic diary, including the electronic and paper notes made by Scottsdale claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

e.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

g.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

Certified Document Number: 67505107 - Page 17 of 20

i.    Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Scottsdale intends to offer these items into evidence at trial.

## INTERROGATORIES

76.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

a.    Please identify any person Scottsdale expects to call to testify at the time of trial.

b.    Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.    If Scottsdale or Scottsdale's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Scottsdale or any of Scottsdale's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

d.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Scottsdale's investigation.

e.    Please state the following concerning notice of claims and timing of payment:

i.    The date and manner in which Scottsdale received notice of the claim;

ii.    The date and manner in which Scottsdale acknowledged receipt of the claim;

iii.    The date and manner in which Scottsdale commenced investigation of the claim;

iv.    The date and manner in which Scottsdale requested from the claimant all items, statements, and forms that Scottsdale reasonably believed, at the time, would be required from the claimant; and

v.    The date and manner in which Scottsdale notified the claimant in writing of the acceptance or rejection of the claim.

Certified Document Number: 67505107 - Page 18 of 20

f.      Please identify by date, amount and reason, the insurance proceed payments made by Scottsdale, or on Scottsdale's behalf, to the Plaintiff.

g.      Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.      When was the date Scottsdale anticipated litigation?

i.      Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Scottsdale's document retention policy.

j.      Does Scottsdale contend that the insured premises was damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

k.      Does Scottsdale contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.      Does Scottsdale contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?  If so, state the general factual basis for this contention.

m.      How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

i.      what performance measures are used; and
ii.     describe Scottsdale's bonus or incentive plan for adjusters.

## CONCLUSION

77.      Plaintiff prays that judgment be entered against Scottsdale Insurance Company, and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney

fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Scottsdale Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*/s/ Zach Moseley*
Bill L. Voss
State Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
Zach Moseley
State Bar No. 24092863
26619 Interstate 45
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
zach@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 67505107 - Page 20 of 20

10/23/2015 1:53:55 PM
Chris Daniel - District Clerk Harris County
Envelope No. 7517654
By: Carla Carrillo
Filed: 10/23/2015 1:53:55 PM

# THE VOSS ✯ LAW FIRM

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
THE VOSS LAW CENTER
26619 INTERSTATE 45
THE WOODLANDS, TEXAS 77380
TOLL FREE (866) 203-5411
FACSIMILE (713) 861-0021
www.VossLawFirm.com

October 23, 2015

*__Via ProDoc E-file__*

Harris County District Clerk

> **RE:** ***Cause No.: 2015-62181; Chandra Worldwide, Inc. dba Southward Hotel v. Scottsdale Insurance Company; In the District Court of Harris County, Texas; _____ Judicial District***

Dear Clerk:

The Voss Law Firm has requested, via ProDoc e-filing, that a Citation be issued and served to:

Scottsdale Insurance Company

211 East 7th Street, Suite 620

Austin, Texas 78701

Please mail us back the issued citation. Postage expenses will be paid for in this filing.

Very respectfully,

/s/ Ambar L. Balderas

Paralegal

Certified Document Number: 67585905 - Page 1 of 1

11/20/2015 10:47:58 AM
Chris Daniel - District Clerk Harris County
Envelope No. 7921906
By: SALENE SMITH
RECEIPT NUMBER _____ Filed: 11/20/2015 10:47:58 AM
TRACKING NUMBER    73180061    MTA

CAUSE NUMBER    201562181

| | |
|---|---|
| **PLAINTIFF:**  CHANDRA WORLDWIDE INC (DBA SOUTHWIND HOTEL)<br>vs.<br>**DEFENDANT:**  SCOTTSDALE INSURANCE COMPANY | In The    152nd<br>**Judicial District Court of**<br>**Harris County, Texas** |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

TO: SCOTTSDALE INSURANCE COMPANY (A FOREIGN CORPORATION) BY SERVING ITS
REGISTERED AGENT CORPORATION SERVICE COMPANY

211 EAST 7TH STREET SUITE 620  AUSTIN TX 78701

Attached is a copy of    PLAINTIFF'S ORIGINAL PETITION                               .

This instrument was filed on the ____19th____ day of ____October_____, 20__15__, in the above cited cause number and court. The instrument attached describes the claim against you.

   **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.
**TO OFFICER SERVING:**

   **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ____19th____ day of
_____October_____, 20__15__.

Issued at request of:
MOSELEY, JOHN ZACHARY
26619 INTERSTATE 45 SOUTH
SPRING, TX 77380
Tel: (281) 842-8679
Bar Number:   24092863

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

Generated by: CUERO, NELSON    7MM//10221204

---

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the __9th__ day of __November__, 20 15, at __4:00__ o'clock __P__.M., endorsed the date of delivery thereon, and executed it at __211 E. 7th St._____, __Austin__,
                                          (street address)                          (city)
in __Travis__ County, Texas on the __10th__ day of __November__, 20 15, at __9:41__ o'clock __A__. M.,
by delivering to __Scottsdale Insurance Company_____, by delivering to its
                              (the defendant corporation named in citation)
__Corporation Service Co. by mail__ in person, whose name is _____,
(registered agent, president, or vice-president)
a true copy of this citation, with a copy of the __Plaintiff's Original_____ Petition attached,
                                                    (description of petition, e.g., "Plaintiffs Original"
and with accompanying copies of _____
                                           (additional documents, if any, delivered with the petition)
I certify that the facts stated in this return are true by my signature below on the __10th__ day of __November__, 20 15.
FEE: $ __105__         By: _____
                                        (signature of officer)
                    Printed Name: __David Voss_____
__David Voss__       As Deputy for: _____
Affiant Other Than Officer                    (printed name & title of sheriff or constable)

On this day, __David Voss_____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this __20__ day of __November_____, 20 15

N.INT.CITC.P

AMBAR LORENA BALDERAS
Notary Public, State of Texas
My Commission Expires
January 28, 2018

_____
Notary Public

Certified Document Number: 67963474 - Page 1 of 1

12/4/2015 12:45:27 PM
Chris Daniel - District Clerk Harris County
Envelope No. 8093363
By: SALENE SMITH
Filed: 12/4/2015 12:45:27 PM

**CAUSE NO. 2015-62181**

| | | |
|---|---|---|
| CHANDRA WORLDWIDE, INC. D/B/A SOUTHWIND HOTEL, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| SCOTTSDALE INSURANCE COMPANY, | § § | |
| Defendant. | § | 152ND JUDICIAL DISTRICT |

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S ANSWER
TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Scottsdale Insurance Company ("Defendant") files this its Original Answer and Affirmative Defenses and respectfully shows the Court the following:

**I.
ORIGINAL ANSWER**

1.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained within the Plaintiff's Original Petition, and since they are allegations of fact, Plaintiff should be required to prove them by a preponderance of the evidence in accordance with the laws of the state of Texas.

**II.
AFFIRMATIVE DEFENSES**

Without waiving the foregoing, Defendant asserts the following affirmative defenses:

2.1     Defendant pleads that Plaintiff's demand for economic or exemplary loss and attorney's fees is barred because it constitutes an excessive demand.

2.2     Pleading further, Plaintiff fails to state a claim upon which relief may be granted.

2.3     Defendant will further show that Plaintiff failed to mitigate its damages.

Certified Document Number: 68111054 - Page 1 of 4

2.4     Pleading further, Defendant did not breach any duties allegedly owed to Plaintiff and, at all times, acted reasonably and in good faith.

2.5     Pleading further, Defendant will show that Plaintiff's damages, if any, are unrelated to any act, error, or omission by Defendant, and that Defendant's actions were not the proximate or producing cause of any of Plaintiff's alleged damages.

2.6     Defendant further pleads that Plaintiff's alleged damages are the result of an intervening, superseding, or independent cause for which Defendant has no responsibility.

2.7     Defendant asserts its rights under the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICES & REMEDIES CODE, including but not limited to (1) the right to receive the appropriate credit, offset, or reduction in judgment based upon any settlement plaintiffs have made or may make with any other defendant or for any amount of money collected from any other defendant by settlement, compromise, or agreement, or in payment of any judgment entered in this case; and, (2) the right to a separate determination by the trier of fact of the percentage of responsibility of each named defendant, each settling person or entity, and each responsible third party.

2.8     Pleading further, Defendant asserts that it has not violated section 542 of the TEXAS INSURANCE CODE and has at all times complied with the time frame required under that statute.

2.9     Pleading further, as to Plaintiff's claims for a breach of duty of good faith and fair dealing and for violation of the TEXAS INSURANCE CODE, Defendant asserts that a bona fide dispute exists with respect to the policy of insurance issued to Plaintiff.   The existence of a bona fide dispute precludes any extra-contractual claims.

Certified Document Number: 68111054 - Page 2 of 4

**III.**
**CONCLUSION AND PRAYER**

Wherefore, premises considered, Defendant Scottsdale Insurance Company prays that Plaintiff take nothing by its suit, and for such other further relief to which Defendant may show itself justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   */s/George H. Arnold*
George H. Arnold
State Bar No. 00783559
One Riverway, Suite 1600
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
garnold@thompsoncoe.com

Jennifer M. Kearns
State Bar No. 24049865
701 Brazos Street, 15th Floor
Austin, Texas 78701
Telephone: (512) 708-8200
Facsimile: (512) 708-8777
jkearns@thompsoncoe.com

**COUNSEL FOR DEFENDANT**
**SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2015, a copy of the foregoing has been forwarded to Plaintiff's counsel of record in accordance with the Texas Rules of Civil Procedure:

Bill L. Voss
Scott G. Hunziker
Zach Moseley
The Voss Law Firm, P.C.
26619 Interstate 45
The Woodlands, Texas 77380

/s/Jennifer M. Kearns
Jennifer M. Kearns